1  **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9  William Brett Cameron,                    )    No. CV11-80-PHX-JAT
                                              )
10            Plaintiff,                       )    **ORDER**
                                              )
11  vs.                                        )
                                              )
12                                             )
   Gila County, a political subdivison of the )
13  State of Arizona, et al.,                  )
                                              )
14            Defendant.                       )
                                              )
15  _____)

16

17         Currently pending before the Court is Defendant Town of Payson's Motion to Dismiss

18  (Doc. 12).  The Court now rules on the Motion.

                            **BACKGROUND**
19
        This case arises from the mistaken arrest, detainment, and prosecution of the Plaintiff,
20
   William Brett Cameron.  Plaintiff was arrested on charges arising out of the actions of a
21
   different William Cameron (the "Perpetrator").  The Perpetrator was born thirty years before
22
   Plaintiff.
23
        On March 27, 2002, the Gila County Attorney filed a criminal complaint in the Payson
24
   Justice Court naming the Perpetrator as the defendant and charging him with committing the
25
   felonies of theft and obtaining benefit by means of fraudulent schemes and artifices.  The
26
   documents filed with the complaint identified the Perpetrator as the intended defendant and
27
   provided his correct date of birth, social security number, mailing address, gender, height,
28

1 weight, race, and color of his eyes and hair.  (Certified Copy of Payson Justice Court

2 Records, Ex. A to Doc. 12.)[1]  The criminal complaint resulted from an investigation provided

3 to the Gila County Attorney by Sgt. Tieman, a member of the Payson Police Department.

4     The County Attorney dismissed without prejudice the criminal complaint against the

5 Perpetrator on April 13, 2004.  In October of 2004, the Gila County Attorney brought the

6 case to a grand jury seeking an indictment against William Cameron for the same incidents

7 that formed the basis for the 2002 complaint against the Perpertrator.  Police Officer Steve

8 Johnson testified before the Grandy Jury about the investigation conducted by Sgt. Tieman.

9 The Grand Jury issued an indictment, but for some reason the indictment contained

10 Plaintiff's social security number and date of birth, not the Perpetrator's.  A true bill was

11 found, and a bench warrant issued.

12     Plaintiff was arrested on January 10, 2010 in San Diego, California.  Although Plaintiff

13 told the authorities that they had the wrong person, Plaintiff remained incarcerated in San

14 Diego until January 27, 2010.  He was then extradited to Gila County, Arizona, where he was

15 released from custody on February 1, 2010.

16                                    **LEGAL STANDARD**

17     Defendant Town of Payson has moved pursuant to Federal Rule of Civil Procedure

18 12(b)(6) to dismiss all the claims against it.  The Court may dismiss a complaint for failure

19 to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2)

20 insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*,

21 901 F.2d 696, 699 (9th Cir. 1990).

22     To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

23 requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and

24 plain statement of the claim showing that the pleader is entitled to relief," so that the

25 defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

26

27     [1]The Court may take judicial notice of matters of public record, such as court records,
without converting a 12(b)(6) motion to a motion for summary judgment. *See Barron v.*
28 *Reich*, 13 F.3d 1370, 1377 n.2 (9th Cir. 1994).

1 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41,

2 47 (1957)).

3     Although a complaint attacked for failure to state a claim does not need detailed factual

4 allegations, the pleader's obligation to provide the grounds for relief requires "more than

5 labels and conclusions, and a formulaic recitation of the elements of a cause of action will

6 not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of

7 the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule

8 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

9 Without some factual allegation in the complaint, it is hard to see how a claimant could

10 satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

11 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice

12 and Procedure §1202, pp. 94, 95(3d ed. 2004)).

13     Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-

14 harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550

15 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice.

16 *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which,

17 if accepted as true, states a claim to relief that is "plausible on its face." *Id*. at 1949. Facial

18 plausibility exists if the pleader pleads factual content that allows the court to draw the

19 reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility

20 does not equal "probability," but plausibility requires more than a sheer possibility that a

21 defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely

22 consistent' with a defendant's liability, it 'stops short of the line between possibility and

23 plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

24     In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

25 alleged in the complaint in the light most favorable to the drafter of the complaint and the

26 Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

27 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true

28 a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286

1   (1986).

2   **COUNT I - 42 U.S.C. §1983**

3   The Town of Payson argues that Plaintiff has failed to state a §1983 claim against it

4   because Plaintiff has not alleged sufficiently that his constitutional rights were violated by

5   a policy, practice, or custom of the Town of Payson.  The only allegation in the Complaint

6   regarding a town policy, practice, or custom reads: "The fact that incorrect identifying

7   information made its way into the indictment and arrest warrant was due to defective,

8   inadequate, and otherwise negligent policies and procedures of the Gila County Attorney and

9   of the Payson Policy Department."  (Compl., Doc. 1, ¶22.)

10   Municipalities and other local governments, such as Defendant Town of Payson, are

11   "persons" subject to suit under 42 U.S.C. §1983.  *Monell v. Dep't of Social Serv. of the City*

12   *of New York*, 436 U.S. 658, 690 (1978).  But municipalities cannot be held liable under

13   §1983 solely on a *respondeat superior* theory.  *Id*. at 691.  To demonstrate municipal

14   liability, a plaintiff must satisfy one of the following three conditions:

15   First, the plaintiff may prove that a city employee committed the alleged
     constitutional violation pursuant to a formal governmental policy or a
16   longstanding practice or custom which constitutes the standard operating
     procedure of the local governmental entity.  Second, the plaintiff may establish
17   that the individual who committed the constitutional tort was an official with
     final policy-making authority and that the challenged action itself thus
18   constituted an act of official governmental policy.  Whether a particular official
     has final policy-making authority is a question of state law.  Third, the plaintiff
19   may prove that an official with final policy-making authority ratified a
     subordinate's unconstitutional decisions or action and the basis for it.
20
   *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)(quoting *Gillete v. Delmore*, 979 F.2d
21
   1342, 1346-47 (9th Cir. 1992)).  Once the plaintiff meets one of the above conditions, he also
22
   must show that the policy/practice/custom/policy-maker decision was both the cause in fact
23
   and the proximate cause of the constitutional deprivation.  *Id*.
24
   Absent an official municipal policy, a §1983 plaintiff must show a longstanding practice
25
   or custom.  Liability for a custom cannot be predicated on isolated or sporadic incidents; "it
26
   must be founded upon practices of sufficient duration, frequency and consistency that the
27
   conduct has become a traditional method of carrying out policy."  *Id*.
28

1    A city also may be liable if it has a "policy of inaction and such inaction amounts to a

2    failure to protect constitutional rights." *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th

3    Cir. 2001)(internal citations omitted).  The custom or policy of inaction must be the result

4    of a conscious or "deliberate choice to follow a course of action made from among various

5    alternatives by the official or officials responsible for establishing final policy with respect

6    to the subject matter in questions." *Id.* (internal citations omitted).  A city's failure to train

7    its employees may create §1983 liability as well, if the failure to train amounts to "deliberate

8    indifference[2] to the rights of persons with whom those employees are likely to come into

9    contact." *Id.*  The identified deficiency in training must be closely related to the ultimate

10   injury. *Id.*

11       The Ninth Circuit Court of Appeals previously has held that a §1983 claim of

12   municipality liability can survive a motion to dismiss even if the claim is "based on nothing

13   more than a bare allegation that the individual officers' conduct conformed to official policy,

14   custom, or practice." *Id.* at 682-83 (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839

15   F.2d 621, 624 (9th Cir. 1988)).  But these holdings pre-date the Supreme Court's decisions

16   in *Twombly* and *Iqbal*.  The Supreme Court has clarified that "an unadorned, the-defendant-

17   unlawfully-harmed-me accusation" does not meet the Rule 8 pleading standards and cannot

18   survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949.  Naked assertions of liability no longer

19   suffice.  *Id.*  A plaintiff must allege "more than labels and conclusions, and a formulaic

20   recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

21       The Court finds that Plaintiff has not alleged sufficiently a municipal policy, practice, or

22   custom that led to the deprivation of his constitutional rights.  Plaintiff's bare allegation that

23   "[t]he fact that incorrect identifying information made its way into the indictment and arrest

24   warrant was due to defective, inadequate, and otherwise negligent policies and procedures

25

26       [2]Deliberate indifference occurs when the need for more or different action "is so
27   obvious, and the inadequacy of the current procedure so likely to result in the violation of
     constitutional rights, that the policymakers can reasonably be said to have been deliberately
28   indifferent to the need." *Lee*, 250 F.3d at 682 (internal citations omitted).

1   of the Gila County Attorney and of the Payson Policy Department," does not suffice.  The

2   Court therefore grants the Town of Payson's Motion to Dismiss with regard to Count I.  But

3   because the Court does not find that Plaintiff could never recover under these particular facts,

4   the Court will allow Plaintiff to amend his §1983 allegations.  Plaintiff shall have ten (10)

5   days from the date of this Order to file an Amended Complaint that sets out more fully his

6   alleged bases for municipal liability.

### Counts II & III - False Arrest and Imprisonment

8   Defendant Town of Payson argues that A.R.S. §12-820.05(B) gives it immunity from

9   Plaintiff's false arrest/imprisonment claims.  A.R.S. §12-820.05(B) provides in relevant part:

10  "A public entity is not liable for losses that arise out of and are directly attributable to an act

11  or omission determined by a court to be a criminal felony by a public employee unless the

12  public entity knew of the public employee's propensity for that action."  And false arrest or

13  imprisonment is a felony in Arizona.  A.R.S. §13-1303(C)("Unlawful imprisonment is a class

14  6 felony unless the victim is released voluntarily by the defendant without physical injury in

15  a safe place prior to arrest.").

16  Plaintiff does not argue that, if true, his allegations do not constitute false

17  arrest/imprisonment as prescribed by A.R.S. §13-1303(C).  Nor does he argue that the Town

18  of Payson had reason to believe its employees had a propensity for misidentifying criminal

19  defendants. Plaintiff instead asserts that A.R.S. §12-820.05(B) requires a criminal conviction

20  of the public employee(s) before it applies.

21  This Court addressed whether A.R.S. §12-820.05(B) requires a prior criminal conviction

22  in *McGrath v. Scott*, 250 F.Supp.2d 1218 (D.Ariz. 2003).  Relying on *State v. Heinze*, 993

23  P.2d 1090 (Ariz. Ct. App. 1999), the *McGrath* court held that A.R.S. §12-820.05(B) applies

24  even if no criminal court previously has found that the public employee(s) committed a

25  felony. *McGrath*, 250 F.Supp.2d at 1234.  In *Heinze*, the Arizona Court of Appeals analyzed

26  a statute, A.R.S. §41-621(L)(1), with the same exclusionary language as A.R.S. §12-

27  820.05(B) and found that a felony conviction was not a prerequisite to the exclusion.  993

28  P.2d at 1094.

- 6 -

1    Other judges in this District also have found that A.R.S. §12-820.05(B) does not require

2  a felony conviction for immunity to apply. *See, e.g., Dominguez v. Denny*, 2011 WL 905812,

3  *5 (D.Ariz. March 15, 2011); *Al-Asadi v. City of Phoenix*, 2010 WL 3419728, *5 (D.Ariz.

4  August 27, 2010).  The undersigned agrees with the judges in this District who have held that

5  A.R.S. §12-820.05(B) may provide immunity even without a prior felony conviction.  By the

6  statute's own terms, any court can make the felony determination.  The Court therefore finds

7  that the undersigned can make the felony determination in the first instance.

8    Because §12-820.05(B)'s immunity is "intended to protect a public entity from suit, not

9  just liability, it should be resolved by the court at the earliest possible stage in the litigation."

10 *Al-Asadi*, 2010 WL 3419728 at *6.  The Court finds, taking Plaintiff's allegations as true, as

11 it must at this stage in the litigation, that the public employees' actions here constituted

12 felonious false arrest/imprisonment.  The Court therefore concludes that the Town of Payson

13 has immunity from Plaintiff's false arrest/imprisonment claims.  Accordingly, the Court

14 grants the Motion to Dismiss with regard to Counts II and III.

15               **COUNT IV - MALICIOUS PROSECUTION**

16   Plaintiff alleges that the Town and its employees instigated his unlawful prosecution.

17 Unlike Plaintiff's §1983 claim, Defendant Town of Payson's liability for the alleged state

18 law torts may be based solely on a *respondeat superior* theory.  The Town argues that

19 Plaintiff has failed to state a malicious prosecution claim against it because neither it nor its

20 employees were the proximate cause of Plaintiff's alleged harm.

21   The Town's argument borrows the "proximate cause" concept from negligence and §1983

22 jurisprudence.  But "proximate cause" per se is not a *prima facie* element of a malicious

23 prosecution claim.  The essential elements of a malicious prosecution claim are: "(1) a

24 criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as

25 prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages."

26 *Walsh v. Eberlein*, 560 P.2d 1249, 1251 (Ariz. Ct. App. 1977).  Malice can be inferred from

27 lack of probable cause.  *Cullison v. City of Peoria*, 584 P.2d 1156, 1160 (Ariz. 1978).

28 Probable cause exists if officials have "a reasonable ground of suspicion, supported by

1  circumstances sufficient to warrant an ordinarily prudent man in believing the accused is
2  guilty of the offense." *Walsh*, 560 P.2d at 1251.

3       Defendant Town of Payson's proximate cause arguments perhaps are directed toward the
4  third and sixth malicious prosecution elements – that the "defendants are the prosecutors"
5  and "causing damages." "Malicious prosecution actions are not limited to suits against
6  prosecutors," but may be brought against other people who wrongfully caused the filing of
7  the charges. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002); *see*
8  *also Gonzales v. City of Phoenix*, 52 P.3d 184 (Ariz. 2002)(upholding verdict against police
9  detective and his city employer for malicious prosecution). But if an instigator of criminal
10 charges loses control over the case once the prosecution is started, then the instigator's
11 participation in the prosecution thereafter will not subject him to liability. *Walsh*, 560 P.2d
12 at 1252. "Thus a malicious prosecution action will not lie where a prosecuting attorney is
13 left to judge the propriety of proceeding with the charge and acts on his own initiative in
14 doing so." *Id.*

15      The Gila County Attorney may have assumed sole responsibility for Plaintiff's
16 prosecution, despite the mistakes of the Payson police officers, if the attorney acted on her
17 own initiative after evaluating the propriety of the charges. Thus, the officers may not have
18 been the "proximate cause" of Plaintiff's damages because the prosecutor's independent
19 decision cut off their liability. At this stage in the proceedings, however, the Court cannot
20 determine whether the county attorney acted wholly independently in making the charging
21 decision. The Court therefore will deny the Town of Payson's Motion to Dismiss with
22 regard to Count IV without prejudice to the Town re-urging its arguments at a later stage in
23 the litigation.

24                    **COUNT V - GROSS NEGLIGENCE**

25      Plaintiff alleges that the Defendant police officers were grossly negligent with respect to
26 their investigation and misidentification of Plaintiff. Defendant Town of Payson argues that
27 Plaintiff has not alleged facts sufficient to demonstrate that the Town or its employees acted
28 with the egregiousness required for gross or heightened negligence.

1    Gross negligence differs from ordinary negligence in quality and not degree. *Walls v.*

2    *Arizona Dep't of Pub. Safety*, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991). Gross negligence

3    is "highly potent" and evinces a lawless and destructive spirit. *Cullison*, 584 P.2d at 1160.

4    It is "action or inaction with reckless indifference to the result or the rights or safety of

5    others." *Williams v. Thude*, 885 P.2d 1096, 1104 (Ariz. Ct. App. 1994). A person acts with

6    reckless indifference if "he or she knows, or a reasonable person in his or her position ought

7    to know: (1) that his action or inaction creates an unreasonable risk of harm; and (2) the risk

8    is so great that it is highly probably that harm will result."

9    Ordinarily, gross negligence is an issue of fact for the jury. *Luchanski v. Congrove*, 971

10   P.2d 636, 639 (Ariz. Ct. App. 1999). To prevail on its Motion to Dismiss, the Town of

11   Payson must show "that under no set of facts, or inferences from those facts, could [Plaintiff]

12   have proved that [Town Defendants'] actions constituted gross negligence." *Id*. at 640. The

13   Court finds that the Town has not met its burden. The Town has not demonstrated that under

14   no set of facts and inferences could Plaintiff prove that the Town Defendants acted with

15   reckless indifference to his constitutional rights. The Court therefore denies the Town's

16   Motion to Dismiss as to Count V without prejudice to re-urging its arguments at a later date.

17   ## DISMISSAL OF THE PAYSON POLICE DEPARTMENT

18   Defendant Town of Payson argues that the Court must dismiss the Payson Police

19   Department because the Department is not a jural entity capable of being sued. The Court

20   agrees.

21   Federal Rule of Civil Procedure 17 provides that the law of the state where the district

22   court is located shall dictate a party's capacity to sue or be sued. F.R.Civ.P. 17(b). The

23   Arizona Constitution specifically confers the right to sue and be sued on municipal

24   corporations. A.R.S. Const. Art. 14 §1. Arizona has abrogated traditional sovereign

25   immunity with respect to the state and any political subdivision of the state. A.R.S. §12-820.

26   Cities are "political subdivisions of the state." *City of Tucson v. Fleischman*, 731 P.2d 634,

27   637 (Ariz. Ct. App. 1986).

28   The Court did not find an Arizona case addressing whether a city's police department is

- 9 -

1   also a political subdivision of the state capable of being sued.  But a division of the Arizona

2   Court of Appeals has held that the Maricopa County Sheriffs Office is a nonjural entity

3   incapable of being sued. *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App.

4   2010).  This precedent strongly indicates that Arizona courts would hold that a city police

5   department cannot be sued.  Moreover, as the Arizona Court of Appeals noted in its decision,

6   this Court consistently has held that city police departments are nonjural entities.  *Id.*; *see,*

7   *e.g., Gotbaum v. City of Phoenix*, 617 F.Supp.2d 878, 886 (D.Ariz. 2008)("Neither the

8   Arizona legislature or the City has stated that the Police Department is a separate jural

9   entity.")

10      The Court therefore finds that the Payson Police Department is a nonjural entity and must

11   be dismissed from this suit.  The dismissal of the Police Department will not deprive Plaintiff

12   of any remedies because he has sued the Town of Payson, the proper political subdivision.

13      **IT IS ORDERED** GRANTING in part and DENYING in part Defendant Town of

14   Payson's Motion to Dismiss (Doc. 12).  The Motion is granted as to Counts I, II, III, and all

15   claims against the Payson Police Department.  The Motion is denied as to Counts IV and V.

16      **IT IS FURTHER ORDERED** that the Plaintiff shall have ten (10) days from the date

17   of this Order to file the Amended Complaint.  Regardless of the caption or content of the

18   Amended Complaint, the Court reiterates that the Town of Payson has immunity from

19   Plaintiff's false arrest/imprisonment claims and that the Payson Police Department is not an

20   entity capable of being sued.

21      **IT IS FURTHER ORDERED** pursuant to the Notice at Docket 24, dismissing without

22   prejudice Jane Doe Tieman, Officer Sonja Kay Davis, John Doe Davis, and Jane Doe

23   Johnson for failure to serve.

24      DATED this 25th day of May, 2011.

25

26

27                              James A. Teilborg
                                United States District Judge

28

- 10 -